IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| VERNON WORTHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 117-018 |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Vernon Worthy appeals the decision of the Acting Commissioner of Social Security denying his application for Disability Insurance Benefits ("DIB") and Social Security Insurance ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

**I.    BACKGROUND**

Plaintiff protectively filed for a period of disability, DIB, and SSI on February 29, 2012, alleging a disability onset date of January 14, 2012. Tr. ("R."), pp. 195-206, 225-236. Plaintiff was fifty-one years old on his original alleged disability onset date and was fifty-four years old at the time the Administrative Law Judge ("ALJ") issued the decision under consideration. R. 29, 225. Plaintiff initially applied for benefits based on allegations of the following conditions:

chronic back pain, depression, and chronic pain and loss of mobility in left knee. R. 229. Plaintiff completed high school, and prior to his alleged disability, Plaintiff had accrued a relevant work history as a boot camp drill instructor and construction laborer. R. 65-66, 230.

The Social Security Administration denied Plaintiff's applications initially and on reconsideration. R. 90-123. Plaintiff requested a hearing before an ALJ, R. 152-54, and the ALJ held a hearing on June 16, 2015. R. 37-72. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, as well as from Otis Pierson, a Vocational Expert. Id. During the hearing, Plaintiff's counsel suggested Plaintiff could forgo his DIB claim and amend his alleged onset date to the date of the hearing, which the ALJ stated he would take under advisement. R. 69-70. On July 17, 2015, the ALJ issued an unfavorable decision. R. 12-29.

Applying the sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since January 14, 2012, the alleged onset date (20 C.F.R. §§ 404.1571 *et seq*. and 416.971 *et seq*.).

2. The claimant has the following severe impairments: degenerative joint disease, post-traumatic stress disorder, and substance abuse. (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4. The claimant has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b),[1] except he

---

[1]"Light work" is defined as:

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm

2

cannot climb ladders, ropes, or scaffolds; he can occasionally balance, stoop, kneel, crouch, or crawl; he cannot constantly climb stairs; he must work in a climate-controlled environment where he is not exposed to excessive dust, fumes, gases, odors, or other atmospheric pollutants, nor can he be exposed to the extremes of temperature and humidity; he cannot work at heights or around hazardous machinery; he cannot operate automotive equipment; and he is limited to the simple, routine tasks of unskilled work that does not require any public contact and only occasional contact with coworkers or supervisors. Thus, the claimant is unable to perform any past relevant work (20 C.F.R. §§ 404.1565 and 416.965).

5. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform, including mail clerk, office helper, and garment folder (20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, and 416.969(a)). Therefore, the claimant has not been under a disability, as defined in the Social Security Act, from January 14, 2012, through July 17, 2015 (the date of the ALJ's decision) (20 C.F.R. §§ 404.1520(g) and 416.920(g)).

R. 14-29.

When the Appeals Council ("AC") denied Plaintiff's request for review, R. 1-7, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that adverse decision. Plaintiff argues the ALJ should have accepted the hearing date as the amended onset date, and under that new onset date, the ALJ failed to properly evaluate whether the Grid Rule for advanced age should be applied. See doc. no. 8 ("Pl.'s Br."). The Commissioner maintains the ALJ properly used the original onset date and the determination of whether Plaintiff was a person of advanced age was not necessary to his case; thus, the decision should be affirmed. See doc. no. 9 ("Comm'r's Br.").

---

or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b) & 416.967(b).

## II.     STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her

conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding judicial review of Commissioner's legal conclusions are not subject to substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

Plaintiff contends the ALJ (1) improperly rejected Plaintiff's amended onset date; and (2) improperly evaluated Plaintiff under the Grids as a fifty-four year old approaching advanced age rather than a fifty-five year old of advanced age. Pl.'s Br., pp. 8-10. As an initial matter, the ALJ rejected Plaintiff's later proposed onset date, considering instead his original onset date because "it is the most inclusive of the alternative dates suggested, and it adjudicates a greater period." R. 29. Plaintiff cites no evidence or authority to challenge this decision.

However, even if the ALJ had accepted the later onset date, the ALJ properly used a VE instead of the Grids to determine the existence of work Plaintiff could perform such that the ALJ's determination Plaintiff was approaching advanced age was inconsequential to his ultimate disability determination. Plaintiff's case is materially indistinguishable from the Eleventh Circuit's decision in Miller v. Comm'r of Soc. Sec., 241 F. App'x 631 (11th Cir. 2007). In Miller, the claimant, who was two months shy of his 55th birthday when the ALJ rendered his decision, argued the ALJ erred in categorizing him as "approaching advanced age" rather than as "advanced age." Id. at 633, 635-636. As in the present case, categorizing the claimant as advanced age under Rule 202.06 would have resulted in a finding of "disabled" if the ALJ had relied exclusively on the Grids. Id. at 635.

5

The Eleventh Circuit rejected the claimant's arguments for two reasons. First,

> where a claimant is unable to perform a full range of work at a given functional level or has non-exertional impairments that significantly limit basic work skills, the ALJ must not exclusively rely upon the grids; rather, the ALJ should consider testimony of the VE to establish job availability. . . . [T]he ALJ determined that, although the grids would ordinarily support a finding of "not disabled" in [the claimant]'s case, the ALJ needed to utilize the VE's testimony to establish whether a significant number of jobs existed for [the claimant] in the national economy because [the claimant]'s ability to perform all or substantially all of the requirements of light work was impeded by his exertional and nonexertional limitations. . . . [Therefore], the ALJ's decision was not made in reliance upon the grids and, thus, a determination of whether [the claimant] was a person of advanced age or closely approaching advanced age was not necessary.

Id. at 635. Second,

> [the claimant]'s only reason in support of his contention that he should have been treated as a person of advanced age is that he was only two months short of turning 55 at the time of the hearing and the ALJ's decision. Nothing in [the claimant]'s argument suggests that his ability to adapt to new work environments was less than the level established under the grids for persons his age. Thus, to the extent that the ALJ relied exclusively on the grids, the ALJ's mechanistic use of the age grids was harmless error.

Id. at 636.

Plaintiff's case falls squarely within the purview of Miller. Indeed, the only difference is Plaintiff was four months shy of his 55th birthday at the time of the hearing rather than two. Accordingly, the ALJ did nor err in failing to categorize Plaintiff as "of advanced age" under the Grids.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final

6

judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 5th day of December, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA